UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

JODY GUDGER, on behalf of herself and those similarly situated,

    Plaintiff,

v.

CENTENE MANAGEMENT COMPANY, LLC.
a Foreign Limited Liability Company, and
SUNSHINE STATE HEALTH PLAN, INC.,
Florida Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JODY GUDGER ("GUDGER" or "Plaintiff"), files this Complaint on behalf of herself and those similarity situated, against Defendants, CENTENE MANAGEMENT COMPANY, LLC ("CENTENE" or "Defendant") and SUNSHINE STATE HEALTH PLAN, INC., ("SUNSHINE "or "Defendant")(collectively, "Defendants") and states as follows:

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 and 215(a)(3), et seq., hereinafter called the "FLSA"), to recover unpaid overtime wages, compensatory damages, an additional equal amount as liquidated damages, and to obtain declaratory relief, and reasonable attorney's fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C.

§216(b).

3.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.     At all times material hereto, the named Plaintiff worked for Defendants in various counties in Florida including in Fort Pierce, Florida.

5.     Defendant, CENTENE, is a Wisconsin corporation with its corporate headquarters located at 7700 Forsyth Blvd., Suite 800, St. Louis, Missouri and is registered to do business in Florida.

6.     Defendant, SUNSHINE, is a Florida for-profit corporation with its corporate headquarters located at 7700 Forsyth Blvd., Suite 800, St. Louis, Missouri.

7.     The Defendants are owned by the Centene Corporation, a multi-line healthcare enterprise that provides nationwide programs and related services to individuals who are uninsured and underinsured.

8.     Defendants' operate in interstate commerce, by providing managed care to customers across the country, including Florida.

9.     Defendants' gross annual revenue for each year in which Plaintiff, and the putative class members worked, either individually, or jointly, exceeded $500,000.00.

10.    At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203(d). Defendants are employers as defined by the FLSA, in that Defendants, during all times relevant and in each year during the relevant statute of limitations, had employees regularly engaged in interstate and intrastate commerce, and likewise engaged in

business transactions across state lines and with products and goods created outside Florida, and imported in for local use.

11. Defendants are joint employers over Plaintiff, and the putative class, in that Defendants: (a) jointly determined, shared, and allocated the power to direct, control, or supervise Plaintiffs by direct or indirect means; (b) jointly determined, shared, and allocated the power to—directly or indirectly—hire or fire Plaintiffs or modify the terms or conditions of Plaintiffs' employment; (c) shared management or a direct or indirect ownership interest, and interchangeably controlled, or were controlled by, each other; and (d) jointly determined, shared, and allocated responsibility over functions ordinarily carried out by an employer, such as handling payroll, providing workers' compensation insurance, paying payroll taxes, or providing the facilities, equipment, tools, or materials necessary to complete the work.

## STATEMENT OF FACTS

12. During the relevant limitations period, Plaintiff, and similarly situated class members, have been employed by Defendants under the title of "Case Manager."

13. In her/their capacity as a "Case Manager," Plaintiff, and the similarly situated class members delivered and performed case management and care coordination services on Defendants' behalf to clients.

14. As Case Managers, Plaintiff and the similarly situated class members' primary job duties were non-exempt including, but not limited to, conducting assessments of enrollees eligible for care, developing care plans, assisting with referrals to providers, resolving complaints and other matters, and performing other related duties.

15. To that end, Plaintiff and the similarly situated class members performed similar and/or nearly identical duties, and were paid in the same manner.

16. Plaintiff and the similarly situated class members are/were non-exempt employees under the FLSA and are/were entitled to time and one half overtime compensation for all hours worked over forty (40) within a work week.

17. Plaintiff and the similarly situated class members performed non-exempt work that required payment of overtime compensation.

18. Plaintiff, and similarly situated class members regularly worked in excess of sixty (60) hours per week from the beginning of her/their employment until Defendants changed their policy to prohibit overtime hours from being worked starting on or about April 16, 2017.

19. Throughout her/their employment, Defendants failed to compensate Plaintiff and similarly situated class members at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single work week.

20. Defendants failed to track or maintain any valid records of the number of hours worked by Plaintiff or the similarly situated class members during her/their employment, and did not maintain a time keeping system for employees that complied with the FLSA's record keeping requirements.

21. Plaintiff and the similarly situated class members should be compensated at the rate of one and one-half times her/their regular rate for all overtime hours worked, as required by the FLSA.

22. Defendants violated Title 29 U.S.C. §§ 206 and 207, in that:

    a. Plaintiff and the similarly situated class members worked in excess of forty (40) hours per week for the relevant period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to

properly compensate Plaintiff and the similarly situated class members at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

c. Defendants failed to maintain proper time records as mandated by the FLSA.

23. Plaintiff and the similarly situated class members have retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her/them in the litigation and has agreed to pay the firm a reasonable fee for its services.

24. Other individuals already have expressed their desire to opt-in to this case, and will be filing their Consents to Join, shortly.

## COUNT I
## **VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

25. Plaintiff re-alleges and reavers paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26. Plaintiff and the similarly situated class members worked in excess of the forty (40) hours per week for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay.

27. Plaintiff and the similarly situated class members were/are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

28. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

29. Defendants' actions were willful and/or showed reckless disregard for the

provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and the similarly situated class members at a rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

30. Defendants failed to properly disclose or apprise Plaintiff and the similarly class members of their rights under the FLSA.

31. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the similarly situated class members, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

32. Plaintiff and the similarly situated class members are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor (and in favor of all consenting similarly situated class members) for overtime damages owed, liquidated damages, attorneys' fees and costs, and any and all relief that this Court deems proper under the FLSA. Plaintiff also seeks the conditional certification of a class of all similarly situated class members.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: August 7, 2017.

By: _____
Richard Celler, Esq.
Florida Bar No. 017330
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiffs*