UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 2:17-cv-14281-JEM

JODY GUDGER AND RHONDA KING,
on behalf of themselves and those similarly situated,

    Plaintiffs,
v.

CENTENE MANAGEMENT COMPANY, LLC.
a Foreign Limited Liability Company, and
SUNSHINE STATE HEALTH PLAN, INC.,
Florida Profit Corporation,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JODY GUDGER ("GUDGER") and RHONDA KING ("KING"), file this Amended Complaint on behalf of themselves and those similarity situated (collectively referred to as "Plaintiffs"), against Defendants, CENTENE MANAGEMENT COMPANY, LLC ("CENTENE") and SUNSHINE STATE HEALTH PLAN, INC., ("SUNSHINE")(CENTENE and SUNSHINE collectively referred to as "Defendants") and state as follows:

Plaintiffs are seeking to conditionally certify the following class/subclasses of employees who worked for Defendants as follows:

**ANY AND ALL SALARIED EMPLOYEES WHO WORKED FOR DEFENDANTS, ANYWHERE IN FLORIDA, FROM AUGUST 7, 2014, THROUGH CURRENT, IN ANY OF THE FOLLOWING POSITIONS:**

- **CASE MANAGER, LONG TERM CARE; OR**
- **NURSING HOME TRANSITION SPECIALIST; OR**
- **MEDICAL NECESSITY SPECIALIST; OR**

**AND WHO WORKED FORTY (40) OR MORE HOURS IN ONE OR MORE WORKWEEKS, WERE MISCLASSIFIED AS EXEMPT UNDER THE FLSA BY**

**DEFENDANTS, AND WERE NOT PAID TIME AND ONE HALF OVERTIME COMPENSATION FOR THEIR OVERTIME HOURS WORKED.**

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 and 215(a)(3), et seq., hereinafter called the "FLSA"), to recover unpaid overtime wages, compensatory damages, an additional equal amount as liquidated damages, and to obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, the named Plaintiffs, GUDGER and KING, worked for Defendants in various counties throughout Florida including in Fort Pierce, Florida.

5. Defendant, CENTENE, is a Wisconsin corporation with its corporate headquarters located at 7700 Forsyth Blvd., Suite 800, St. Louis, Missouri, and is registered to do business, and does business, in Florida.

6. Defendant, SUNSHINE, is a Florida for-profit corporation with its corporate headquarters located at 7700 Forsyth Blvd., Suite 800, St. Louis, Missouri who likewise does business in Florida.

7. The Defendants are owned by the Centene Corporation, a multi-line healthcare enterprise, that provides nationwide programs and related services to individuals who are uninsured and underinsured.

8. Defendants operate in interstate commerce, by providing managed care to

customers across the country, including Florida.

9. Defendants' gross annual revenue for each year in which the named Plaintiffs, GUDGER and KING, and the putative class members worked, either individually, or jointly, exceeded $500,000.00.

10. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203(d).

11. Defendants are employers as defined by the FLSA, in that Defendants, during all times relevant and in each year during the relevant statute of limitations, had employees regularly engaged in interstate and intrastate commerce, and likewise engaged in business transactions across state lines and with products and goods created outside Florida, and imported in for local use.

12. Defendants are joint employers over Plaintiffs, and the putative class members, in that Defendants: (a) jointly determined, shared, and allocated the power to direct, control, or supervise Plaintiffs, and the putative class, by direct or indirect means; (b) jointly determined, shared, and allocated the power to—directly or indirectly—hire or fire Plaintiffs and the putative class, or modify the terms or conditions of Plaintiffs', and the putative class' employment; (c) shared management or a direct or indirect ownership interest, and interchangeably controlled, or were controlled by, each other; and (d) jointly determined, shared, and allocated responsibility over functions ordinarily carried out by an employer, such as handling payroll, providing workers' compensation insurance, paying payroll taxes, or providing the facilities, equipment, tools, or materials necessary to complete the work.

## **STATEMENT OF FACTS**

13. During the relevant limitations period, Plaintiffs, GUDGER and KING, and similarly situated class members, have been employed by Defendants under the titles of either: (a) "Case Manager, Long Term Care"; (b) "Nursing Home Transition Specialist"; and (c) "Medical Necessity Specialist."

14. KING was employed by Defendants as a "Case Manager, Long Term Care" during the relevant two (2) and three (3) year statute of limitations.

15. GUDGER was employed by Defendants as a "Case Manager, Long Term Care" during the relevant three (3) year statute of limitations.

16. GUDGER was also employed by Defendants as a "Nursing Home Transition Specialist," or "Medical Necessity Specialist," during the relevant two (2) and three (3) year statute of limitations.

17. In her/their capacity as a "Case Manager, Long Term Care," KING and GUDGER, and the similarly situated class members, delivered and performed case management and care coordination services on Defendants' behalf to clients.

18. As Case Managers, Long Term Care, KING and GUDGER, and the similarly situated class members' primary job duties were non-exempt including, but not limited to, conducting assessments of enrollees eligible for care based on predetermined standards, developing care plans based on directives and instruction from Defendants, assisting with referrals to providers, resolving complaints and other matters within predetermined guidelines and action plans, and performing other related duties.

19. To that end, KING and GUDGER, and the similarly situated class members, performed similar and/or nearly identical duties, and were paid in the same manner.

4

20. KING and GUDGER, and the similarly situated class members, are/were non-exempt employees under the FLSA and are/were entitled to time and one half overtime compensation for all hours worked over forty (40) within a work week.

21. Yet, Defendants misclassified them as exempt and failed to pay them overtime compensation for hours worked over forty (40) per workweek.

22. Defendants uniformly misclassified Plaintiffs, and the similarly situated class members as exempt, without specific analysis of job duties and responsibilities actually performed on an individual basis. This type of blanket classification lends itself to class determination, rather than on an individual basis.

23. In her/their capacity as a "Nursing Home Transition Specialist" and "Medical Necessity Specialist" GUDGER, and the similarly situated class members, delivered and performed case coordination services on Defendants' behalf to clients.

24. As a "Nursing Home Transition Specialist," and "Medical Necessity Specialist" GUDGER, and the similarly situated class members' primary job duties were non-exempt including, but not limited to, conducting assessments of enrollees eligible for care based on predetermined standards, developing care plans based on directives and instruction from Defendants, assisting with referrals to providers, resolving complaints and other matters within predetermined guidelines and action plans, and performing other related duties.

25. To that end, GUDGER, and the similarly situated class members, performed similar and/or nearly identical duties, and were paid in the same manner.

26. GUDGER, and the similarly situated class members, are/were non-exempt employees under the FLSA and are/were entitled to time and one half overtime compensation for all hours worked over forty (40) within a work week.

5

27. Yet, Defendants misclassified them as exempt and failed to pay them overtime compensation for hours worked over forty (40) per workweek.

28. Defendants uniformly misclassified Plaintiffs, and the similarly situated class members as exempt, without specific analysis of job duties and responsibilities actually performed on an individual basis. This type of blanket classification lends itself to class determination, rather than on an individual basis.

29. GUDGER, and the similarly situated class members, performed non-exempt work that required payment of overtime compensation.

30. GUDGER and KING, and similarly situated class members, regularly worked in excess of sixty (60) hours per week from the beginning of her/their employment until Defendants changed their policy to prohibit overtime hours from being worked starting on or about April 16, 2017.

31. Throughout her/their employment, Defendants failed to compensate GUDGER and KING, and similarly situated class members at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single work week.

32. Defendants failed to track or maintain any valid records of the number of hours worked by GUDGER, KING, or the similarly situated class members during her/their employment, and did not maintain a time keeping system for employees that complied with the FLSA's record keeping requirements.

33. GUDGER and KING, and the similarly situated class members, should be compensated at the rate of one and one-half times her/their regular rate for all overtime hours worked, as required by the FLSA.

34. Defendants violated the FLSA in that:

     a.    GUDGER and KING, and the similarly situated class members, worked in excess of forty (40) hours per week for the relevant period of employment with Defendants;

     b.    No payments or provisions for payment have been made by Defendants to properly compensate GUDGER and KING, and the similarly situated class members, at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

     c.    Defendants failed to maintain proper time records as mandated by the FLSA.

35. GUDGER and KING, and the similarly situated class members, have retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her/them in the litigation and has agreed to pay the firm a reasonable fee for its services.

36. Other individuals already have expressed their desire to opt-in to this case, and have, and have filed their consents to join already.

37. GUDGER and KING seek the conditional certification of all classes of similarly situated class members identified above in this Amended Complaint just prior to Paragraph 1.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

38. Plaintiff re-alleges and reavers paragraphs 1 through 37 of the Amended Complaint, as if fully set forth herein.

39. GUDGER and KING, and the similarly situated class members, worked in excess of the forty (40) hours per week for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay.

40. GUDGER and KING, and the similarly situated class members, were/are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

41. Defendants uniformly classified Plaintiffs, and all other similarly situated individuals in each of the positions referenced above as exempt, without regard to individual analysis of what job duties each individual performed.

42. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate GUDGER and KING, and the similarly situated class members, at a rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

44. Defendants failed to properly disclose or apprise GUDGER and KING, and the similarly situated class members, of their rights under the FLSA.

45. Due to the intentional, willful, and unlawful acts of Defendants, GUDGER and KING, and the similarly situated class members, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

46. GUDGER and KING, and the similarly situated class members, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor (and in favor of all consenting similarly situated class members) for overtime damages owed, liquidated damages, attorneys' fees and costs, and any and all relief that this Court deems proper under the

FLSA.

Plaintiffs further request conditional certification of the classes of all similarly situated class members identified above in this Amended Complaint just prior to Paragraph 1.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: February 20, 2018.

By: **/s Noah E. Storch**
Richard Celler, Esq.
Florida Bar No. 017330
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 20th day of February, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a copy to all counsel of record.

*/s Noah E. Storch*
Noah E. Storch, Esq.