UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 2:17-cv-14281-JEM

JODY GUDGER AND RHONDA KING,
on behalf of themselves and those similarly situated,

      Plaintiffs,

v.

CENTENE MANAGEMENT COMPANY, LLC.
a Foreign Limited Liability Company, and
SUNSHINE STATE HEALTH PLAN, INC.,
Florida Profit Corporation,

      Defendants.
_____/

## PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to the Federal and Local Rules of Civil Procedure, Plaintiffs, JODY GUDGER and RHONDA KING, on behalf of themselves and those similarly situated, ("Plaintiffs"), request the entry of an Order permitting, under court supervision, notice to following class of similarly situated employees:

"Any and all salaried employees who worked for Defendants, anywhere in Florida, from August 7, 2014, through current, in any of the following positions:

- Case Manager, Long Term Care; or
- Nursing Home Transition Specialist; or
- Medical Necessity Specialist;

And who worked forty (40) or more hours in one or more workweeks, were misclassified as exempt under the FLSA by Defendants, and were not paid time and one-half overtime compensation for their overtime hours worked.

<u>**MEMORANDUM OF LAW**</u>

**I.      <u>THE FLSA AUTHORIZES COLLECTIVE ACTIONS</u>**

The FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated. *See* 29 U.S.C. § 216(b).  The FLSA provides, in part, that:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of them self or themselves and other similarly situated. ***No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.***

*See id.* (emphasis added).  As further set forth below, the initial step is conditional certification and notice to potential class members upon the lenient standard of showing that the class members are similarly situated and that persons in addition to Plaintiff desire to opt into the action.  *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F .3d 1208, 1219 (11th Cir. 2001); *Grayson v. K-Mart Corp.,* 79 F. 3d 1086, 1097 (11th Cir. 1996).

Defendants are subsidiaries of, and owned by, the Centene Corporation, a multi-line healthcare enterprise, that provides nationwide programs and related services to individuals who are uninsured and underinsured.  To provide these services Defendants, at any given time employed Plaintiffs, Opt-In Plaintiffs, and the putative class, to, among other things, conduct assessments of enrollees eligible for case based on predetermined standards, develop care plans based on directives and instruction from Defendants, assist with referrals to providers, resolve complaints and other matters within predetermined guidelines and action planes, and perform other related duties.  *See* Declaration of Jody Gudger attached hereto and incorporated herein as Exhibit 1 at ¶¶8-11; Declaration of Rhonda King attached hereto and incorporated herein as Exhibit 2 at ¶¶8-11; Declaration of Crystal Freeman attached hereto and incorporated herein as Exhibit 3 at ¶¶8-11; Declaration of Yolanda Blocker attached hereto and incorporated herein as Exhibit 4 at ¶¶8-11;

Declaration of Michelle McLean attached hereto and incorporated herein as Exhibit 5 at ¶¶8-11; Declaration of Sylma Ocasio Peterson attached hereto and incorporated herein as Exhibit 6 at ¶¶8-11; Declaration of Carlie Larson attached hereto and incorporated herein as Exhibit 7 at ¶¶8-11; Declaration of Celeste Busbee attached hereto and incorporated herein as Exhibit 8 at ¶¶8-11; Declaration of Gregory Garofalo attached hereto and incorporated herein as Exhibit 9 at ¶¶8-9; Declaration of Tomeka Givhan attached hereto and incorporated herein as Exhibit 10 at ¶¶8-9; and Declaration of Cynthia Russell attached hereto and incorporated herein as Exhibit 11 at ¶¶8-11. These employees were subjected to the same illegal pay practices at issue (nonpayment of overtime compensation for hours worked over forty (40) during any workweek).

Plaintiffs, along with nine (9) additional Opt-In Plaintiffs who have come forward to participate in this case, prior to any notice being issued, are current and former salary paid employees of Defendants who were not paid overtime compensation for any hours worked over forty (40) during any workweek; rather, they were just paid a flat salary.  *See* Exhibit 1 at ¶¶6-12 & 17; Exhibit 2 at ¶¶6-12 & 17; Exhibit 3 at ¶¶6-12 & 17; Exhibit 4 at ¶¶6-12 & 17; Exhibit 5 at ¶¶6-12 & 17; Exhibit 6 at ¶¶6-12 & 17; Exhibit 7 at ¶¶6-12 & 17; Exhibit 8 at ¶¶6-12 & 17; Exhibit 9 at ¶¶6-9 & 15; Exhibit 10 at ¶¶6-10 & 15; and Exhibit 11 at ¶¶6-12 & 17.  As evidenced by the attached Declarations and the Consents to Join on file with the Court, Plaintiffs performed the same or identical job duties; were paid in the exact same manner; and were not paid overtime compensation for hours worked over forty (40) per workweek. *See* Exhibits 1-10.

Plaintiffs, and opt-in plaintiffs, knows that their claims are typical of the claims of other former and current salary paid employees of Defendants, and typical of the claims of all members of the representative class identified. *See* Exhibit 1 at ¶¶6-18; Exhibit 2 at ¶¶6-18; Exhibit 3 ¶¶6-17; Exhibit 4 at ¶¶6-17; Exhibit 5 at ¶¶6-17; Exhibit 6 at ¶¶6-17; Exhibit 7 at ¶¶6-17; Exhibit 8 at

¶¶6-17; Exhibit 9 at ¶¶6-15; Exhibit 10 at ¶¶6-15; and Exhibit 11 at ¶¶6-17.  Corroboration of Plaintiffs' personal knowledge, however, is further evidenced by the fact that other similarly situated salary paid employees in the positions of Case Manager, Long Term Care and Medical Necessity Specialist/Nursing Home Transition Specialist attest to the same facts that although the name of the job title was changing, the job duties and pay structure of these positions remained the same, without change.  *See id.*

The named Plaintiffs, as well as nine (9) "Opt-In Plaintiffs" have filed Consents to join and Declarations in support of this Motion to date without the benefit of court facilitated notice.  This evidence alone is sufficient to provide notice to the remaining class members at issue. *See Dietrich v. Liberty Square,* 230 F.R.D. 574, 579 (N.D. Iowa 2005)(two affidavits provide sufficient factual basis for similarly situated inquiry); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005) (Affidavits provide appropriate support for conditional certification).[1]

Simply put, the putative class is owed full and proper payment of overtime wages and the right to participate in this litigation.  It is undisputed that Defendants have acted, or refused to act, on grounds applicable to all putative class members, thereby making the identical relief appropriate with respect to their current and former similarly situated employees.  Moreover, the common questions of law and fact predominate over any questions affecting only Plaintiffs, and a collective action is superior to other available methods for the fair and equitable adjudication of the controversies between the representatives described above and the named Defendants.  And, although the defined class is identified and certain, the individual members of the class cannot be

---

[1]  In another case, United States Magistrate Judge Frank Lynch, Jr., permitted notice to proceed stating that: "…the Affidavit of [a single opt-in plaintiff] shows that at least one other co-worker desires to join the suit, thereby raising the Plaintiff's contention beyond one of pure speculation."  Order on Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights, *Larry Guerra v. Big Johnson Concrete Pumping, Inc.,* Case No.: 05-14237 (S.D. Fla. May 17, 2006).

completely identified and notified of their right to join this action absent access to Defendants' books and records regarding same.

Defendants' above compensation policies and practices (failure to pay overtime compensation) is common to all salary paid employees in the defined class.  Defendants have not, and cannot, dispute this.  Moreover, these common policies and procedures violate the FLSA's overtime provisions requiring the payment of time and one half overtime compensation for each hour worked over forty (40) in a workweek.  That is, because Defendants failed to pay the putative class members time and one half their regular rate for each hour of overtime worked, such compensation practices have adversely affected the rights of each member of this collective action.

Therefore, Plaintiffs seek this Court's authorization to facilitate notice to each of Defendant's salary paid employees in the defined class who were subjected to the illegal pay practices described above at any time from August 7, 2014, through current at any of Defendants' locations in Florida.

Plaintiffs further request that they be permitted to give such notice as approved by this Court to all such class members of their rights to opt-in to this litigation by executing an appropriate consent as required by Section 216(b) of the FLSA.  Plaintiffs' Declarations, and the Declarations of nine (9) additional Opt-In Plaintiffs who joined this action since the time it was filed, clearly establish that others in the defined class were paid in the same manner, and thus, were subjected to Defendants' illegal pay practices described above.  The Declarations further demonstrate that others desire to and will join this action if given notice of same.  Thus, conditional certification and notice is appropriate.

## II.   APPLICABLE STANDARDS FOR COLLECTIVE ACTIONS

FLSA class actions operate differently than the typical class action suits under Rule 23 of the Federal Rules of Civil Procedure. Under 29 U.S.C. § 216(b) of the FLSA, an employee belonging to a similarly situated class of plaintiffs must "opt-in" to the class by filing a written consent with the Court in order to be bound by the outcome of the case. Without signing and filing such an express consent, employees are not bound by the outcome of the litigation. *See id.* Conversely, in traditional class actions under Rule 23 of the Federal Rules of Civil Procedure, a plaintiff initiating a class action automatically represents every member of the class that has not expressly "opted-out." *See id.*

In *Hoffman- La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989), the Supreme Court ruled that not only did trial courts have authority to compel defendant-employers to provide names and addresses of potential plaintiffs through the pretrial discovery process, but that this authority also included sending court-authorized consent forms to potential plaintiffs. *See id.*   There, the Court addressed the issue of whether the district court may play any role on prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought. *See id.*   The Court determined that district courts have discretion in appropriate cases to implement 29 U.S.C. §216(b) by facilitating notice to potential plaintiffs. *See id.* at 486.   This authority arises from the Court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. *See id.*

Trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute.   Thus, it lies within the discretion of the trial court to begin its involvement early, at the point of the initial notice, rather than at some later time. *See id.* Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative

suits and setting cutoff dates to expedite disposition of the action.  *See id.* at 487. Additionally, the benefits of the class action provisions of 29 U.S.C. §216(b),"depend on employees receiving accurate and timely notice concerning the pendency of the collective action so they can make informed decisions about whether to participate."  *Id.* at 486.

In *Dybach v. State of Florida, Department of Corrections,* 942 F .2d 1562 (11th Cir. 1991), the Eleventh Circuit found that an adult probation officer was non-exempt and therefore entitled to overtime compensation for all hours worked over forty (40) in multiple workweeks. *See id.* The Eleventh Circuit also held that the district court had authority to issue an order requiring notice to "similarly situated" employees of the defendant affording them the opportunity to "opt-in." *Id.*

### A. At this Stage, the Eleventh Circuit Requires Only Minimal Evidence to Support Conditional Class Certification of a Class of Similarly Situated Workers

The Eleventh Circuit utilizes a two-tiered approach to certification of an opt-in class pursuant to 29 U.S.C. §216(b).  *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F .3d 1208, 1219 (11th Cir. 2001) (stating that the two-tiered approach "appears to be an effective tool for district courts in this circuit adopt it in future cases."); *see also, Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 & n.2 (11th Cir. 2003). Under this two-tiered approach, the court makes an initial determination, based solely upon the pleadings and any affidavits, whether notice of the action should be given to potential class members. *See id.* at 1218. During Stage I notice proceedings, "[p]laintiffs need show only that their positions are similar, ***not identical***, to the positions held by the putative class members." *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996)(internal quotations and citations committed)(emphasis added). Because the court has minimal evidence at this stage of the proceedings, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. *See Healthcare Servs., Inc.*, 347 F.3d 1240 11th Cir. 2003)*; see  also Pendelbury v. Starbucks Coffee Co.,* 2005

WL 84500, *3 (S.D. Fla. Jan. 3, 2005) (*citing Hipp*, 252 F.3d at 1218).   Moreover, allowing plaintiffs and the putative class members to first proceed through notice and discovery is contemplated by the two tier approach.   *See Leuthold v. Destination Am.,* 224 F.R.D. 462, 467 (N.D. Cal. 2004) ("The two-tier approach contemplates progression through the notice stage before reaching the more rigorous inquiry required to maintain the class.  This is evident from the methods usually employed to decide the issues raised by the two tiers.").

### B. Plaintiffs Demonstrate a Reasonable Basis for Conditional Certification of a Collective Action on Behalf of the Asserted Class of Similarly Situated Employees.

For purposes of defining the "similarly situated class" pursuant to 29 U.S.C. §216(b), a plaintiff must only demonstrate that the defined class is comprised of employees who are similarly situated to the named plaintiff with regard to the defendant's compensation practices.  To satisfy the initial burden regarding notice under 29 U.S.C. § 216(b), "plaintiff[s] need only show that their positions are similar, not identical, to the positions held by the putative class members."  *Hipp*, 252 F. 3d at 1217.  *see also, Pendlebury*, 2005 U.S. Dist. LEXIS 574, at *8-10 (store managers from two (2) Starbucks' locations in Broward County, Florida established the right to send notice to all similarly situated store managers *across the United States* who may have been misclassified as "exempt").  The "similarly situated" requirement of §216(b) is more elastic and less stringent than the requirements of Rule 23 (class actions), Rule 30 (joinder) and Rule 42 (severance).  *Hipp*, 252 F. 3d at 1219; *see also, Pendlebury, supra*; *White v. Osmose*, 204 F. Supp. 2d 1309, 1315 (M.D. Ala. 2002).  A plaintiff merely must demonstrate a "reasonable basis" for a collective action. *Hipp*, 252 F. 3d at 1219.

There are questions of law or fact common to Defendants' salary paid Case Managers, Long Term Care, Medical Necessity Specialists and Nursing Home Transition Specialists and the claims of the named Plaintiffs in the instant matter.  Indeed, Plaintiffs' claims are typical of the

claims of the other individuals in their positions that fall within the defined class. For conditional certification to be granted in cases arising under the FLSA, there is no requirement of "strict symmetry" or "absolute identity."  Rather, all that is required is a "reasonable basis." *Burks v. Equity Group Eufaula Div. LLC*, 2007 U.S. Dist. LEXIS 79416 (M.D. Ala. 2007) (citing, *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)); *see also, Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1270 (M.D. Ala. 2004) ("[P]laintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions."); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1346-51 (N.D. Ga. 2002) (granting certification where "Plaintiffs have made substantial allegations, supported by evidence, that Defendant failed to comply with the FLSA by failing to pay overtime compensation to non-exempt employees on a class-wide basis.").

While Plaintiffs have this burden, the burden is "***not heavy***," and may be met by making substantial class-wide allegations, "that is, detailed allegations supported by affidavits which successfully engage [d]efendant's affidavits to the contrary." *Id.* at 1096-97 (internal quotations omitted) (emphasis added); *Hipp*, 252 F.3d at 1218-19.  Further, "courts have held that Plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Kreher v. City of Atlanta*, 2006 WL 739572, at *3 (N.D. Ga. Mar. 20, 2006) (*citing Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see also Thiebes v. Wal-Mart Stores, Inc.,* 1999 WL 1081357, at *2 (D. Or. Dec. 1, 1999) (plaintiffs need only some factual nexus that they and the putative class were victims of a common policy or plan that violated the FLSA).

As indicated above, based on the allegations in the Amended Complaint and the attached Declarations, Plaintiffs more than meet their burden to facilitate notice.  Here, Defendants

employed similarly situated salary paid employees in the positions of Case Manager, Long Term Care; Medical Necessity Specialist and Nursing Home Transition Specialist who, despite the job title of the job position changing, were paid in the same way, who performed the exact or substantially similar duties, who worked substantial overtime hours, and who were subjected to Defendants' illegal policy of not paying full and proper overtime compensation as required by the FLSA. *See* Exhibit 1 at ¶¶6-17; Exhibit 2 at ¶¶6-17; Exhibit 3 ¶¶6-17; Exhibit 4 at ¶¶6-17; Exhibit 5 at ¶¶6-17; Exhibit 6 at ¶¶6-17; Exhibit 7 at ¶¶6-17; Exhibit 8 at ¶¶6-17; Exhibit 9 at ¶¶6-15; and Exhibit 10 at ¶¶6-15.   To that end, Defendants previously employed numerous salary paid employees in the defined class, all of whom were subjected to Defendants' ongoing unlawful compensation practices of failing to pay time and one-half overtime compensation for all hours worked over forty (40) within a workweek resulting in substantial underpayment of overtime compensation due and owing.

Indeed, in the instant case, Plaintiffs have presented evidence which meets or exceeds what other district courts have deemed sufficient for conditional certification of an FLSA collective action. *See Guerra v. Big Johnson Concrete Pumping, Inc.,* 2006 U.S. Dist. LEXIS 58484 (S.D. Fla. 2006) (conditional certification of an FLSA collective action granted based upon two affidavits – that of the single named plaintiff and one opt-in plaintiff); *Reyes v. Carnival Corp.,* 2005 WL 4891058 (S.D. Fla. 2005) (named plaintiff's affidavit, in combination with the two opt-in plaintiffs' notices of consent to join and affidavits sufficient to grant conditional certification of an FLSA collective action); *see also, Reese, supra* (affidavit of one named plaintiff and three opt-in plaintiffs, coupled with one prior lawsuit against the same defendants for the same overtime violations, sufficient for conditional certification of an FLSA collective action); *see also, Ballaris*, 2001 WL 1335809, at *2 (allegations in complaint and two affidavits sufficient); *see also Zhao v.*

10

*Benihana*, 2001 WL 84500, at *2 (S.D.N.Y. May 7, 2001) (one affidavit based on plaintiff's "best knowledge" sufficient);   *see also Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 307 (S.D.N.Y. 1998) (allegations in complaint and plaintiffs' affidavits sufficient); *see also Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) (allegations in complaint sufficient); *see also Sanders v. MPRI, Inc.*, 2008 WL 5572846 (W.D.Okla.2008) (pleadings and Plaintiff's affidavit sufficient); *see also Wajcman v. Hartman & Tyner, Inc.*, 2008 WL 203579 (S.D.Fla. 2008) (allegations in Complaint and affidavits of 3 opt-ins sufficient); *Gayle v. U.S.*, 85 Fed.Cl. 72 (Fed.Cl. 2008) (allegations in complaint and affidavit of named Plaintiff sufficient).   Based upon the Amended Complaint allegations and the above-referenced Declarations, along with the participation of the Opt-In Plaintiffs to date (pre-notice), Plaintiffs satisfy the applicable burden of persuasion that a colorable basis exists for determining that others similarly situated to Plaintiffs exists, and conditional certification and notice are warranted.

**C.    Additional Similarly Situated Individuals Will Joint the Lawsuit Once Provided Notice**

Plaintiffs already demonstrated that other similarly employees will join in the case if provided notice.  Moreover, it is reasonable to assume that where, as here, there are similarly situated employees with the same job titles who allegedly experienced the same FLSA violations (Defendants' failure to pay overtime compensation), these potential class members would opt-in to the lawsuit if given notice of it.  *See Reab v. Electronic Arts, Inc.,* 2002 WL 320769510 at * 6 (D. Col. 2002).  Similarly, district courts have agreed to "accept, for purposes of deciding the instant motion for conditional collective action certification, that there are persons . . . who have suffered wage and hour violations who would join this suit if they had notice of the suit." *Barron*, 242 F. Supp. 2d at 1101.

11

As of the filing of this Motion, nine (9) additional Opt-In Plaintiffs learned of this action prior to any Court notice being issued, and have opted-in to this case besides the originally named Plaintiffs.   This alone demonstrates that others desire to join if given notice of this matter.  Based upon the Declarations from the named Plaintiffs and the other Opt-in Plaintiffs, as well as the consent forms filed with this Court, Plaintiffs have met their minimal burden of establishing the specific facts to demonstrate that other employees are interested in opting in.  *See Grayson v. K-Mart Corp.,* 79 F. 3d 1086, 1097 (11th Cir. 1996).  In addition, allowing class notification to a potential class will certainly avoid multiple lawsuits where numerous employees have allegedly been harmed by the same violation. *See also Prickett v. Dekalb County,* 349 F.3d 1294, 1297 (11th Cir. 2003).

Thus, a collective action is sought as the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate the same relief with respect to the class as a whole.  Additionally, questions of law or fact common to all class members who worked for Defendants predominate over any questions affecting only individual members. Hence, a collective action is superior to other available methods for the fair and efficient adjudication of this controversy.  Accordingly, Plaintiffs seek Court authorization to provide: (1) the proposed "Notification" letter, attached as Exhibit 12 to be sent to all similarly situated employees; and (2) the proposed "Notice of Consent to Join" form, attached as Exhibit 13, which similarly situated employees can complete, sign, and file with the Court.

III.     **FACTORS IRRELEVANT TO THE COURT'S CONSIDERTAION**

A.     **The "Merits" of Plaintiffs' Claims Are Not Considered When Determining Whether to Grant Notice**

Plaintiffs anticipate that Defendants may argue the merits of this case in response to this Motion.  At this "conditional certification" stage, however, courts do not weigh the merits of the

underlying claims in determining whether potential opt-in plaintiffs may be "similarly situated." *See Kreher v. City of Atlanta,* 2006 WL 7398272, at *4 (N.D. Ga. Mar. 20, 2006) (*citing Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of [the conditional certification] inquiry is not whether there has been an actual violation of law, but rather on whether the proposed plaintiffs are "similarly situated under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated) and *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) ("Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff . . ..").

In *Kreher*, the court concluded that too high a burden would be placed on the plaintiffs at the preliminary notice stage if they were required to submit evidence of a highly particularized nature, as the defendant suggested. *See id.* at 2006 WL 7398272, at * 4.  As such, the *Kreher* court concluded that although the plaintiffs' Affidavits lacked some details, they established the existence of other employees employed in similar positions and subject to similar policies, warranting the court's decision to grant the plaintiffs' motion under the "fairly lenient standard" applied in the Eleventh Circuit.  *Id.* at *4; *see also Leuthold v. Destination America,* 224 F.R.D. 462, 468 (N.D. Cal. 2004) ("Defendants' arguments in their opposition brief focus on the more stringent second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed class."); *Goldman v. Radioshack Corp.,* No. Civ.A. 2:03-CV-032, 2003 WL 21250571, at *8 (E.D.Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant."); *Felix De Asencio v. Tyson Foods, Inc.,*130 F.Supp.2d 660, 663 (E.D. Pa. 2001) ("While this information [submitted by Defendant] may play a more significant role

after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question."). Thus, setting Defendant's anticipated factual/legal arguments aside for purposes of Plaintiffs' Stage I Motion, Plaintiffs clearly have met their burden of proof on the "similarly situated" prong under *Hipp*.

### B.   Courts Do Not Consider the Need for Discovery During Stage I.

The Eleventh Circuit and the district courts in it have consistently recognized that discovery at the first notice stage is unnecessary for the similarly situated determination. *See Grayson,* 79 F. 3d at 1099 (holding that a district court *may*, but its not required to hold an evidentiary hearing prior to making its section 216(b) decision particularly where the Defendant's rights are not substantially affected) (emphasis added in original); *Lloredo v. Radioshack Corp.,* 2005 WL 1156030, at *1 (S.D. Fla. May 12, 2005) (refusing to examine discovery in making its first stage similarly situated determination); *see also Harrison v. Enterprise Rent-A-Car Co.,* 1998 U.S. Dist. LEXIS 13131, at *13 (July 1, 1998) (holding that the fact that subsequent discovery may prove the original plaintiffs and the opt-in plaintiffs are not after all "similarly situated" does not defeat conditional class certification); *Schwed v. Gen. Elec. Co.,* 159 F.R.D 373, 375 (N.D.N.Y. 1995) ("Even where later discovery proves the putative class members to be dissimilarly situated, notice . . . prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]").

An examination of discovery is not appropriate because at this stage the Court is not making a *factual determination* regarding whether the putative class members are "similarly situated" question. *See Pendelbury,* at *3 (stating that a factual determination of the similarly situated question is not appropriate at this time because of the early stages of the litigation); *Brown v. Money Tree Mortgage, Inc.,* 222 F.R.D. 676, 682 (D. Kan. 2004) ("[T]he court will examine the

individual plaintiffs' disparate factual and employment setting, as well as various defenses available to the defendant which appear to be individual to each plaintiff, during the 'second stage' analysis after the close of discovery."); *Goldman v. Radioshack Corp.,* 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant.").

Moreover, discovery is not necessary because courts at this stage do not resolve factual disputes or make credibility determinations.  *See Scott v. Heartland Home Finance,* 2006 WL 1209813, at *3 (N. D. Ga. May 3, 2006) (*citing Severtson v. Phillips Beverage Co.,* 141 F.R.D 276, 279 (D. Minn. 1992)); *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 520 (D. Md. 2000) ("Factual disputes do not negate the appropriateness of court facilitated notice.").  In *Scott,* the court held that it was not appropriate for the court to address the merits of plaintiffs' claims or weigh evidence and thus refused to consider the Defendant's arguments regarding the variation in specific job duties, locations, working hours, or the availability of various exemptions.  2006 WL 1209813, at *3; (*citing Pendelbury*, 2005 WL 82500, at *3 (factual matters regarding the applicability of exemptions to employees not appropriate at notice stage); *Moss v. Crawford & Co.,* 201 F.R.D. 398, 410 (W.D. Pa. 2000) ("[V]ariations in the plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective class to the extent that it defeats the primary objectives of a section 216(b) action.").

Through the allegations in the Amended Complaint, and the Declarations and Consents to Join submitted to this Court, Plaintiffs have provided sufficient evidence to warrant notice of this lawsuit be sent to all salary paid employees who were employed by Defendants, anywhere in Florida, from August 7, 2014, through present, in any of the following positions: Case Manager, Long Term Care; Nursing Home Transition Specialist; or Medical Necessity Specialist.  Because

the "similarly situated" determination at the notice stage is preliminary, Defendants will not be prejudiced by the facilitation of notice because it can later argue that Plaintiffs and the putative class members are not in fact "similarly situated" enough to proceed collectively to trial once discovery is complete.

**IV.     PLAINTIFFS' NOTICE IS ACCURATE AND SHOULD BE POSTED AT DEFENDANT'S FACILITY AND EMAILED/MAILED.**

Plaintiffs' proposed judicial notice is "timely, accurate, and informative." *See Hoffmann-La Roche,* 493 U.S. at 172.  As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action, and should be adopted.  Plaintiffs also request that in addition to permitting Plaintiffs to notify the potential class members by mail and electronic mail, this notice be posted at Defendants' facilities where Plaintiffs and the putative class members are/were employed to further the broad remedial purpose of the FLSA.  *See Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 493 (E. D. Cal. Apr. 19, 2006 ) (finding that first class mail, combined with posting provided for the "best notice practicable" to the potential class); *Veliz v. Cintas Corp.,* 2004 WL 2623909, at *2 (N.D. Cal. Nov. 12, 2004) (requiring employer to post notice and consent forms in all of its work sites); *Johnson v. Am. Airlines, Inc.*, 531 F. Supp. 957, 961 (N.D. Tex. 1982) (finding direct mail and posting on company bulletin boards reasonable).

**V.   NOTICE SHOULD BE GIVEN WITHIN A THREE-YEAR STATUTE OF LIMITATIONS**

Notice within a three-year statute of limitations period is appropriate in this case. The FLSA allows Plaintiffs to collect damages within a three-year statute of limitations if they can show that Defendants' violation of the FLSA was "willful" – meaning the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  The FLSA makes clear that any employer cannot fail to pay non-exempt employees overtime compensation for hours worked over forty (40) per workweek.  To do so is the very definition of willful.  Despite the clear and long-standing law on this issue, Defendants never complied, and then systematically underpaid Plaintiffs and similarly situated class members.  The allegations of the Plaintiffs and the evidence they filed to support it uniformly point to a clear practice of disregarding the applicable law – to the financial advantage of Defendants.     Thus, at the preliminary notice stage, Plaintiffs demonstrate a reasonable basis for a willful violation of the FLSA by Defendants such that mere notice should issue to current and former employees within a three-year statute of limitations.

**VI.**    **LIMITED DISCOVERY OF NAMES AND ADDRESSES OF THE PUTATIVE CLASS IS NECESSARY TO CARRY OUT NOTICE**

The opt-in provision of the FLSA requires some procedure for identifying and notifying potential class members.  *Morden v. T-Mobile USA, Inc.,* 2006 WL 1727987, at *3 (W. D. Wash. June 22, 2006) (compelling the defendant to produce the names and addresses of potentially similarly situated employees despite the fact that no conditional class certification motion was pending before the court).  "The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt in to the action."  *Id.*    As such, early discovery of a mailing list is routinely disclosed in FLSA collective actions because the lists are necessary to facilitate notice.  *See Hoffmann-La Roche,* 493 U.S. at 165; *see also Dietrich v. Liberty Square,* 230 F.R.D. 574, 581 (N.D. Iowa 2005); *Gieseke v. First Horizon Home Loan Corp.,* 408 F. Supp. 2d 1164, 1169 (D. Kan. Jan. 10, 2006).[2] Thus, if this Court grants Plaintiffs'

---

[2]   The names and addresses of potential class members are discoverable during the regular course of discovery even absent judicial notice because current and former "Hourly plus Commission Paid inside Insurance Sales Agents" are critical fact witnesses to this lawsuit.  *Hoffmann-La Roche* acknowledged the existence of "alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter."  493 U.S. at 160; *see also Barton v. The Pantry, Inc.,* 2006 WL 2568462 (M.D.N.C. Aug. 31, 2006) (ordering defendant to produce a list

Motion, the Court should likewise order Defendants to provide Plaintiffs with a list of all putative class members' names , email addresses, and home addresses to carry out notice.

## CONCLUSION

In light of the broad remedial provisions of the FLSA, *see, e.g., Prickett v. DeKalb County,* 349 F.3d 1294, 1296-97 (11th Cir. 2003) (citations omitted), coupled with the incredibly lenient standard for conditional certification, Plaintiffs' allegations and Declarations, along with all of the additional evidence of record –the Declarations and Consents of nine (9) opt-in Plaintiffs (to date prior to notice),– are more than sufficient to satisfy Plaintiffs' relatively light burden of showing this Court that "there are [similarly situated] persons … who have suffered wage and hour violations who would join this suit if they had notice of the suit." *See Barron, supra.*

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule S.D. Fla. L.R. 7.1(a)(1)(3), the undersigned counsel has conferred with Defendants' Counsel, in a good faith effort to resolve this Motion prior to its filing, but Defendants advised that they oppose the relief sought in Plaintiffs' Motion.

**WHEREFORE,** Plaintiffs respectfully request that this Court conditionally certify this case as a collective action, and permit and supervise notice to all salaried employees in the defined class, who worked for Defendants, anywhere in Florida, from August 7, 2014, through present, in any of the following positions: (1) Case Manager, Long Term Care; or (2) Nursing Home Transition Specialist; or (3)  Medical Necessity Specialist, who did not receive full and proper payment of time-and-a-half wages for all overtime hours worked for Defendants.

---

of plaintiffs' co-workers prior to conditional certification).

Dated this 15th day of March, 2018

Respectfully submitted,

*/s/ Noah E. Storch*_____
Noah E. Storch, Esq.
Florida Bar No.0085476
Richard Celler, Esq.
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2018, a true and correct copy of the foregoing has been filed using CM/ECF system which will send a copy of same to all counsel of record.

*/s/ Noah E. Storch*__
Noah E. Storch, Esq.